McGREGOR W. SCOTT
United States Attorney
KIMBERLY A. GAAB
Assistant U.S. Attorney
Federal Building, Room 3654
1130 "O" Street
Fresno, California 93721
Telephone:  (559) 498-7272
Facsimile:  (559) 498-7432

Attorneys for Defendant William J. Henderson,
Postmaster General of the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAKILA E. SALAZAR, | ) | 1:00-cv-06865-DLB |
| | ) | |
| Plaintiff, | ) | <u>STIPULATED PROTECTIVE ORDER</u> |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM J. HENDERSON, | ) | |
| POSTMASTER GENERAL OF THE | ) | |
| UNITES STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff DAKILA SALAZAR ("Plaintiff") and Defendant WILLIAM J. HENDERSON, POSTMASTER GENERAL OF THE UNITED STATES OF AMERICA ("Defendant"), by and through undersigned counsel, hereby stipulate to the following protective order ("Order"), and respectfully request that the Court so approve.

1.   The parties agree that Defendant may designate any document produced in supplemental response to Plaintiff's First Request for Production of Documents as "confidential" under the terms of this Order.  Confidential information is information which (i) has not been made public and to which Plaintiff does not otherwise have access and (ii) concerns or relates to

employment and/or pre-employment records of Plaintiff or other third parties.  By designating a document as "confidential" under the terms of this Order, Defendant is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Rule 26(g) of the Federal Rules of Civil Procedure.

2.    Defendant shall designate confidential documents by stamping copies of the documents produced to Plaintiff with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by Defendant.

3.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material") shall be used only in connection with the litigation or settlement of this action, and for no other purpose.

4.    Confidential Material produced by Defendant pursuant to this Order may be disclosed or made available only to the Court, to counsel for Plaintiff (including the paralegal, clerical, and secretarial staff employed by counsel for Plaintiff), and to the "qualified persons" designated below:

        (a)   Plaintiff;

        (b)   experts or consultants (together with their clerical staff) retained by Plaintiff's counsel to assist in the litigation or settlement of this action;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

(c)   court reporter(s) employed in this action;

(d)   a witness at any proceeding in this action;
      and

(e)   any other person as to whom the parties agree
      in writing.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, the original of which shall be provided to counsel for Defendant.

5.   Defendant may further designate certain documents of a highly confidential nature as "CONFIDENTIAL——ATTORNEY'S EYES ONLY" ("Attorney's Eyes Only Material"), in the manner described in paragraph 2 above.  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for Plaintiff (including the paralegal, clerical, and secretarial staff employed by counsel for Plaintiff), and to the "qualified persons" listed in subparagraphs 4(b)-(e) above, but shall not be disclosed to Plaintiff, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality also apply.

6.   Nothing in this Order shall impose any restrictions on the use or disclosure of material obtained by Plaintiff independent of discovery in this action, whether or not such material is also obtained through discovery in this action. Additionally, nothing in this Order shall impose any restrictions

1  on or otherwise prevent Defendant from disclosing its own

2  Confidential Material as it deems appropriate.

3      7.    If Confidential Material is included in any papers

4  filed by Plaintiff with the Court, such papers shall be labeled

5  "Confidential——Subject to Court Order" and filed under seal until

   further order of the Court.

6      8.    In the event that any Confidential Material is used in

7  any court proceeding in this action, it shall not lose its

8  confidential status through such use, and Plaintiff shall take

9  all reasonable steps to maintain its confidentiality during such

10 use.

11     9.    This Order shall be without prejudice to the right of

   the parties to (a) bring before the Court at any time the

12 question of whether any particular document is confidential or

13 whether its use should be restricted or (b) present a motion to

14 the Court under Rule 26(c) of the Federal Rules of Civil

15 Procedure for a separate protective order as to any particular

16 document, including restrictions differing from those as

17 specified above.  This Order shall not be deemed to prejudice the

18 parties in any way in any future application for modification of

   this Order.

19     10.   This Order is entered solely for the purpose of

20 facilitating the exchange of documents between the parties to

21 this action without involving the Court unnecessarily in the

22 process.  Nothing in this Order, nor the production of any

23 document under the terms of this Order, nor any proceedings

24 pursuant to this Order shall be deemed to have the effect of

25 (a) an admission or waiver by either party, (b) altering the

26
                                4

1    confidentiality or non-confidentiality of any document, or

2    (c) altering any existing obligation of any party or the absence

3    thereof.

     11.   This Order shall survive the final termination of this

4    action, to the extent that the information contained in

5    Confidential Material is not or does not become known to the

6    public, and the Court shall retain jurisdiction to resolve any

7    dispute concerning the use of information disclosed under this

8    Order.   Upon termination of this case, counsel for Plaintiff

9    shall assemble and return to Defendant all documents designated

10   as confidential and all copies of such documents, or shall

     certify the destruction thereof.

11   Dated:

12                        Respectfully submitted,

13   THOMAS ANTON & ASSOCIATES            McGREGOR W. SCOTT
                                          United States Attorney
14

15   /s/Stephen P. Wainer        By:   /s/Kimberly A. Gaab
     THOMAS J. ANTON                    KIMBERLY A. GAAB
16   STEPHEN P. WAINER                  Attorneys for Defendant
     Attorneys for Plaintiff            William J. Henderson,
17   Dakila E. Salazar                  Postmaster General of the
                                        United States of America

18
     IT IS SO ORDERED.
19

20   Dated: July 7, 2005          _____/s/ Dennis L. Beck_____
                                         DENNIS L. BECK
21                                UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26                                     5

Attachment A


NONDISCLOSURE AGREEMENT


   I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Dakila E. Salazar v. William Henderson,</u> <u>Postmaster General of the United States of America</u>, United States District Court for the Eastern District of California, Case No. 1:00-cv-06865-DLB, and hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of the above Court for purposes of enforcing this Order.


Dated:

                                    _____